**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                              **Plaintiff,**

     **vs.**                                           **5:12-CV-464**
                                                   **(MAD/DEP)**

**WILLIAM R. JENNINGS,**

                              **Defendant.**
_____

**APPEARANCES:**                                        **OF COUNSEL:**

MANFREDI LAW GROUP, PLLC                 John S. Manfredi, Esq.
302 East 19th Street
Suite 2A
New York, New York 10003
*Attorney for Plaintiff*

**Mae A. D'Agostino, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

On March 14, 2012, plaintiff United States of America ("plaintiff") commenced the above captioned action alleging that defendant is indebted to the United States. Plaintiff's complaint alleges that defendant owes $9,053.09 in principal and accrued interest at a rate of 2.23% per annum. Plaintiff also seeks prejudgment interest, administrative costs and post judgment interest pursuant to 28 U.S.C. § 1961. There are no attachments or exhibits annexed to plaintiff's complaint. Presently before the Court is plaintiff's motion for entry of a default judgment against defendant. (Dkt. No. 6). The Court has jurisdiction over this suit pursuant to 28 U.S.C. § 1345.

**II.    DISCUSSION**

A. **Default Judgment**

"Under Rule 55(b) default judgment shall be entered if a defendant has failed to plead or otherwise defend an action." *Parise v. Riccelli Haulers, Inc.*, 672 F.Supp. 72, 74 (N.D.N.Y.1987). Fed.R.Civ.P. 55(b)(2) and Local Rule 55.2 set forth the procedural prerequisites plaintiffs must meet before a motion for default motion may be granted. Plaintiff must: (1) properly serve defendant with a summons and complaint (to which no response has been made); (2) obtain an entry of default; and (3) provide an affidavit setting forth the facts required by L.R. 55.2(a), including an affidavit of non-military service and evidence that defendant is neither an infant nor incompetent. *See* Fed.R.Civ.P. 55(b)(2); N.Y.N.D.L.R. 55.1 and 55.2.

As referenced above, plaintiff filed a complaint on January 21, 2012. On April 17, 2012, plaintiff filed the return of service with the Court. Plaintiff avers that defendant never answered or otherwise moved with respect to the complaint, thus on April 25, 2012, plaintiff requested a clerk's entry of default. Said default was entered on April 26, 2012. On April 30, 2012, plaintiff filed a notice of motion for default judgment pursuant to Fed.R.Civ.P. 55(b). Plaintiff has fulfilled the procedural prerequisites for default judgment. Accordingly, the Court will address the issues of liability and damages.

B. **Liability**

"A party's default is deemed to constitute a concession of all well-pleaded allegations of liability." *Greyhound Exhibitgroup v. E.L. U.L. Realty*, 973 F.2d 155, 158 (2d Cir. 1992). The only question remaining is whether plaintiff has provided adequate support for the relief sought. *Id*. The allegations in plaintiff's complaint and supporting papers are therefore presumed accurate.

Here, plaintiff claims that defendant defaulted on his obligations under a promissory note. By failing to answer plaintiff's complaint or oppose this motion, defendant has effectively conceded that he is bound by the terms of the Note he entered into with plaintiff, and liable for the entire amount as assessed by plaintiff, as well as interest. Plaintiff has met the "modest threshold burden in establishing entitlement to a default judgment against defendant, under the circumstances". *See U.S. v. Simmons*, 2012 WL 685498, at *2 (N.D.N.Y. 2012).

**C.  Damages**

Plaintiff calculated the amount owed as $9,053.09, interest in the sum of $3,431.00, $55.00 in process server fees.   However, plaintiff failed to submit evidence of such damages. Plaintiff's attempt to introduce facts through the affirmation of attorney John Manfredi is improper as Attorney Manfredi does not claim to have personal knowledge of plaintiff's damages, and thus, his statements are not independently admissible. Moreover, Attorney Manfredi refers to several documents that are not part of the record herein including the Certificate of Indebtedness and a complete copy of the promissory note. While the defendant is held to have admitted well-pleaded allegations, the amount of monetary damages plaintiff requests is not sufficiently supported and the record is entirely inadequate to enable this Court to independently determine the proper amount of damages.

Consequently, the Court has no competent admissible evidence upon which to base an award of damages. Further, while the Court "may conduct [a] hearing[]" to resolve issues of damages, plaintiffs have not requested a hearing. Moreover, in light of the specific nature of the damages sought, the Court finds that a hearing is not an appropriate procedure through which to assess damages in this case. *See* Fed. R. Civ. P. 55(b). Accordingly, plaintiff's request for entry

of judgment against defendant is denied with leave to reapply with competent admissible evidence of damages.

### III. CONCLUSION

It is hereby

**ORDERED** that in view of default by defendant in failing to answer the complaint or make any appearance in this matter and the Clerk of the Court having entered default by defendant and no appearance or objection having been made by defendant since that time, plaintiff's motion for default judgment (Dkt. No. 6) against defendant is **GRANTED**; it if further

**ORDERED** that plaintiff's motion (Dkt. No. 6) is otherwise **DENIED** with leave to reapply for damages within thirty (30) days of the date of this Order.

**IT IS SO ORDERED.**

Dated: October 1, 2012
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge